UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NISHAT KHAN, INTERNATIONAL LINEN, LTD., and INTERNATIONAL TEXTILE, INC., | § § § § | |
| Plaintiffs / Counter-Defendants, | § § | |
| vs. | § § § | |
| UZMA AZAD KHAISHGI, Individually and as Trustee of the NISHAT AZAD KHAN 2020 CHILDREN'S TRUST FOR UZMA KHAISHGI, and MALIHA AZAD KHAN, Individually and as Trustee of the NISHAT AZAD KHAN 2020 CHILDREN'S TRUST FOR MALIHA KHAN, | § § § § § § § § § § | CIVIL ACTION NO. 4:21-CV-02602 |
| Defendants / Counter-Plaintiffs. | § | |

## **ORIGINAL COUNTERCLAIMS OF UZMA KHAISHGI AND MALIHA KHAN**

Defendants/Counter-Plaintiffs Uzma Khaishgi and Maliha Khan, individually and as trustees, file these Original Counterclaims against Plaintiffs/Counter-Defendants Nishat Khan and International Textile, Inc., and respectfully show the following:

**INTRODUCTION**

1. Nishat Khan and International Textile, Inc., as the majority owner and general partner of International Linen Ltd., respectively, have mismanaged International Linen, disregarded its governing documents, operated the company for their personal benefit, and deliberately interfered with Uzma Khaishgi and Maliha Khan's rights as limited partners, causing them to sustain millions of dollars in losses. Because of the Defendants' wrongdoing, described further below, Uzma and Maliha bring counterclaims against Nishat Khan and International

Textile Inc. for fraud, breach of contract, breach of fiduciary duty, conversion, declaratory judgment, and appointment of a receiver.

## PARTIES

2. Counter-Plaintiff Uzma Azad Khaishgi ("Uzma"), individually and as trustee of the Nishat Azad Khan 2020 Children's Trust for Uzma Khaishgi, is an individual who resides in California.

3. Counter-Plaintiff Maliha Azad Khan ("Maliha"), individually and as trustee of the Nishat Azad Khan 2020 Children's Trust for Maliha Khan, is an individual who resides in California.

4. Counter-Defendant Nishat Azad Khan ("Nishat") is an individual who resides in Harris County, Texas. She is an original plaintiff in this action and may be served through her counsel of record.

5. Counter-Defendant International Textile, Inc. ("ITI") is a Texas corporation with its principal office in Harris County, Texas. ITI is an original plaintiff in this action and may be served through its counsel of record.

## JURISDICTION

6. This Court has jurisdiction over these counterclaims because the Court has jurisdiction over the original claims of Nishat and ITI against Uzma and Maliha, and the counterclaims are so related to those claims that they form part of the same case or controversy.

## BACKGROUND

7. The late Azad Khan ("Azad") started International Textile Ltd. ("IT-Pakistan") in Karachi, Pakistan more than three decades ago. IT-Pakistan is a family-owned business that manufactures towels, hospital gowns, and other textiles in Pakistan, primarily for sale to

wholesalers in the U.S. Azad's wife, Nishat; his son, Adnan; and his daughters, Uzma and Maliha, also owned interests in IT-Pakistan.

8. IT-Pakistan has two related entities in the U.S.: International Linen, Ltd. ("IL-Texas"), a Texas limited partnership that serves as the sales agent of IT-Pakistan in the United States; and ITI, a Texas corporation that serves as IL-Texas's sole general partner.

9. Prior to his death in 2014, Azad and Nishat owned 100% of IL-Texas and ITI. After Azad's death, Nishat became the sole owner. Nishat also became the CEO of IT-Pakistan and was one of its three board members.

10. In 2017, the U.S. enacted a new tax law subjecting domestic owners of foreign businesses to taxation in the United States based on the foreign entity's past and future earnings. This change in U.S. law was extremely burdensome for Uzma and Maliha because they have been minority owners of IT-Pakistan for many years, and IT-Pakistan has made tens of millions of dollars' worth of profits over that time. However, Uzma and Maliha have received no distributions from IT-Pakistan since 2014, so they were confronted with paying U.S. taxes for their share of IT-Pakistan's earnings out of their own pockets. Nishat refused to allow any distributions to be made by IT-Pakistan to Uzma and Maliha, which contributed to existing disagreements within the family over the management and finances of the family business, IT-Pakistan.

11. In 2018 and 2019, Nishat sought to negotiate an agreement with Uzma and Maliha to try to resolve their many disagreements. After a few conversations and months of waiting, Nishat's attorney provided a proposed term sheet to Uzma and Maliha that lacked both substantive detail and was contrary to the terms they had discussed. When Uzma and Maliha asked for substantive information about Nishat's proposed terms and the business, Nishat and her attorney

did not respond. Thus, by May 2019, the parties came to an impasse, and no settlement agreement was ever made.

12. Approximately one year later, in July 2020, Uzma and Maliha received notice from Nishat's estate planning attorney, saying Nishat wanted to establish irrevocable trusts for each of her three children (Uzma, Maliha, and their brother Adnan), into each of which she would transfer a 15% ownership interest in the Texas entities (IL-Texas and ITI). Under the proposal, each of the siblings would serve as the sole trustee and beneficiary of his or her trust.

13. Uzma and Maliha were initially reluctant to agree to accepting the trusts as Nishat proposed, fearing it would only subject them to more tax liability. However, Nishat's counsel advised them that IL-Texas would make financial distributions each year that would, at a minimum, cover their tax liabilities, as required under the Limited Partnership Agreement of IL-Texas ("Partnership Agreement") (attached as Exhibit A and incorporated by reference). Thus, in reliance on Nishat's agent's representations, Uzma and Maliha agreed to proceed with the transaction.

14. On or about August 1, 2020, pursuant to written agreements with Uzma and Maliah making clear that there were no other promises or agreements among the parties relating to the transaction, Nishat transferred 15% interests in IL-Texas and ITI into each of the irrevocable trusts established for the benefit of Uzma, Maliha, and Adnan. As a result, Uzma and Maliha, as trustees of their respective trusts, became limited partners of IL-Texas and shareholders of ITI, and Nishat recognized them as such.

15. In the months that followed, Uzma and Maliha became increasingly concerned about Nishat's secretive control over all the family entities. IL-Texas had received millions of dollars in payments each year from IT-Pakistan—ostensibly as compensation for serving as its

U.S. sales agent—but no such services were rendered. Moreover, none of the money paid to IL-Texas was distributed to Uzma or Maliha. Instead, virtually all of it was distributed to Nishat, and Nishat refused to provide any information about it.

16. Under the Partnership Agreement, and under Texas statutory law, Uzma and Maliha are entitled to financial and business information on IL-Texas and ITI, including general access to all the partnership books and records. Moreover, they are entitled to a proportional share of any distributions that the company makes. Nishat, however, has rebuffed multiple requests from Uzma and Maliha to provide any financial information about the company and has refused to distribute any funds to Uzma and Maliha.

17. Reaching the end of their rope in seeking basic business and tax information, Uzma and Maliha filed a petition in Texas state court under Rule 202 of the Texas Rules of Civil Procedure, seeking discovery to investigate a potential claim against Nishat and ITI for breach of the IL-Texas Partnership Agreement ("Partnership Agreement"). In response, Nishat immediately filed a separate lawsuit against Uzma and Maliha, alleging that they had defrauded her in relation to a non-existent settlement agreement. She also used the existence of her lawsuit as a basis to evade a deposition under the Rule 202 petition. Uzma and Maliha removed Nishat's lawsuit to federal court. Nishat quickly dismissed her lawsuit without prejudice, then refiled the same suit again in state court (this lawsuit), adding new parties and allegations in an attempt to avoid federal diversity jurisdiction.

18. In addition, in retaliation for their filing a Rule 202 petition, and in an attempt to defeat Uzma and Maliha's rights to information and distributions, Nishat claimed to have rescinded her August 2020 transfer of shares in IL-Texas and ITI into Uzma's and Maliha's irrevocable trusts. As justification, Nishat asserted that Uzma and Maliha had fraudulently induced

her to make the share transfers by entering into a settlement agreement they had no intention of performing. Nishat's assertion, however, was a baseless pretext, made in bad faith, because she knew that no settlement agreement existed and that no promise to abide by any such agreement was ever made.

## CAUSES OF ACTION

### *Count I: Fraud by Nishat*

19. Counter-Plaintiffs reallege and incorporate the foregoing allegations by reference.

20. In July 2020, acting at the direction of Nishat, Nishat's attorney and agent sent emails to Uzma and Maliha representing as fact that after the trusts were established for the benefit of Uzma and Maliha, and interests in IL-Texas and ITI were transferred to those trusts, Uzma and Maliha would have the rights and status of limited partners and shareholders.  Nishat's attorney also represented that distributions would be paid to Uzma and Maliha every year to at least cover any tax liabilities they may incur because of their ownership interests in IL-Texas.

21. Nishat knew at the time her agent's representations were made that they were false, that she had no intentional of recognizing Uzma and Maliha's rights as owners and limited partners, and that she had no intention of allowing any distributions to be made to Uzma and Maliha.

22. Nishat expected and intended that Uzma and Maliha would rely on her agent's misrepresentations, and Uzma and Maliha did rely on them by entering into the transactions proposed by Nishat and assuming the role and responsibilities of trustees of the trusts owning interests in IL-Texas and ITI.

23. As a result of their reasonable and justifiable reliance upon the representations of Nishat's agent and attorney, Uzma and Maliah accepted the transfer of ownership interests in IL-

Texas and ITI and thereby incurred unknown tax liabilities and other costs. Uzma and Maliha are therefore entitled to an award of damages and/or other legal and equitable relief. Moreover, because Nishat's actions were fraudulent and malicious, Nishat is liable for exemplary damages.

### *Count II: Breach of Contract by Nishat and ITI*

24. Counter-Plaintiffs reallege and incorporate the foregoing allegations by reference.

25. Uzma and Maliha, as limited partners of IL-Texas, are parties to the Partnership Agreement.

26. Nishat, as a limited partner, and ITI, as general partner of IL-Texas, are both parties to the Partnership Agreement and are subject to the terms and conditions of such agreement.

27. In violation of sections 5.2 and 7.1 of the Partnership Agreement, Nishat and ITI have caused IL-Texas to make substantial distributions to Nishat without notifying Uzma and Maliha, and without making proportionate distributions to Uzma and Maliha.

28. In further violation of section 5.2 of the Partnership Agreement, Nishat and ITI have failed and refused to make distributions to Uzma and Maliha to cover their tax liabilities.

29. Also, in violation of sections 7.1, 9.1, and 9.2 of the Partnership Agreement, and in violation of Texas law, Nishat and ITI have failed and refused to provide Uzma and Maliha with financial and tax information they have requested relating to IL-Texas, or to provide Uzma and Maliha with access to IL-Texas's books and records.

30. Nishat and ITI's breaches of the IL-Texas Partnership Agreement have caused Uzma and Maliha to suffer damages, including the loss of distributions, potential tax penalties, legal expenses, and other out-of-pocket costs.

### *Count III: Breach of Fiduciary Duty by Nishat and ITI*

31. Counter-Plaintiffs reallege and incorporate the foregoing allegations by reference.

32. As the managing partner of IL-Texas, ITI owes fiduciary duties to IL-Texas and its limited partners, including duties of care, loyalty, honesty, and good faith.

33. As the majority owner of ITI, the general partner of IL-Texas, and as the majority owner of IL-Texas, Nishat dominates control over IL-Texas and owes fiduciary duties to IL-Texas and its limited partners, including duties of care, loyalty, honesty, and good faith.

34. Nishat and ITI breached their fiduciary duties to Uzma and Maliha, as limited partners of IL-Texas, by causing disproportionate distributions to be made to Nishat, maliciously suppressing the payment of dividends to Uzma and Maliha, and by failing to disclose material facts and information pertaining to the management, operations, and finances of IL-Texas.

35. Nishat and ITI's breaches of their fiduciary duties have caused Uzma and Maliha to suffer damages, including the loss of distributions, diminution in the value of their ownership interests, legal expenses, and other out-of-pocket costs.

36. Uzma and Maliha also seek restitution of distributions disproportionately paid to Nishat.

### Count IV: Conversion by Nishat

37. Counter-Plaintiffs reallege and incorporate the foregoing allegations by reference.

38. Uzma and Maliha, through their irrevocable trusts, own or owned 15% interests in IL-Texas and ITI.

39. By misusing her control over IL-Texas and ITI, baselessly purporting to rescind the prior completed transfer of ownership interests in IL-Texas and ITI to Uzma and Maliha, and by claiming all such interests as her own, Nishat has intentionally and wrongfully exercised dominion and control over Uzma and Maliha's interests in IL-Texas and ITI, to the exclusion of Uzma and Maliha, and in violation of their rights as shareholders and limited partners.

40. Uzma and Maliha have demanded the return of their interests in IL-Texas and ITI, but Nishat has not returned their interests at the time of this filing.

41. Moreover, any demand by Uzma and Maliha for the return of their interests was futile, as Nishat filed this lawsuit against Uzma and Maliha contemporaneously with her purported rescission of their interests.

42. Consequently, Uzma and Maliha have lost the value of their 15% ownership interests in IL-Texas and ITI and are entitled to compensation for the value of their converted interests.

43. Because Nishat acted with malice, and with actual awareness that her actions were likely to cause serious injury, Uzma and Maliha seek an award of exemplary damages.

### Count V: Declaratory Judgment

44. Counter-Plaintiffs reallege and incorporate the foregoing allegations by reference.

45. A real and substantial controversy has arisen between the parties over whether Nishat validly rescinded her August 2020 transfer of interests in IL-Texas and ITI to trusts established for the benefit of Uzma and Maliha.

46. Uzma and Maliha seek a declaration that Nishat's purported rescission of her transfer of interests into Uzma and Maliha's trusts is void and invalid, and that Uzma and Maliha's trusts each own 15% of IL-Texas and 15% of ITI. Uzma and Maliha also seek supplemental relief, including injunctive relief, as necessary to effectuate the court's declaratory judgment.

### Count VI: Appointment of Rehabilitative Receiver

47. Counter-Plaintiffs reallege and incorporate the foregoing allegations by reference.

48. Nishat, as a governing person of IL-Texas, has engaged in illegal, oppressive, or fraudulent conduct that is harmful to IL-Texas and its owners. Furthermore, under Nishat's control, property belonging to IL-Texas is being wasted or misapplied.

49. Nishat's misconduct makes it necessary to appoint a receiver over IL-Texas's business and affairs to conserve the property and business of IL-Texas and to avoid damage to the parties with interests in IL-Texas.

50. Upon finding that all other available legal and equitable remedies are inadequate to protect IL-Texas and its interest holders, Uzma and Maliha request that a rehabilitative receiver be appointed to take over control of IL-Texas, and conduct the business and affairs of IL-Texas in accordance with the Court's instructions until such time as the receiver is found to no longer be necessary.

### *Attorney's Fees*

51. Counter-Plaintiffs reallege and incorporate the foregoing allegations by reference.

52. Uzma and Maliha have retained the undersigned counsel to represent them in this matter and have agreed to pay them a reasonable fee.

53. Uzma and Maliha have presented their contract claims to Nishat and ITI, but they have refused to comply with the IL-Texas Partnership Agreement.

54. Uzma and Maliha have incurred substantial attorney's fees and expenses in connection with this matter.

55. Uzma and Maliha are entitled to an award of reasonable and necessary attorney's fees and expenses pursuant to the IL-Texas Partnership Agreement and Texas law.

### **JURY DEMAND**

56. Counter-Plaintiffs request a trial by jury.

{00301979.DOCX}

## PRAYER

Counter-Plaintiffs request that Counter-Defendants be cited to appear and answer herein, and that Counter-Plaintiffs have and recover judgment against Counter-Defendants awarding:

(a) actual damages;

(b) punitive damages;

(c) declaratory relief, as set forth above;

(d) appointment of a rehabilitative receiver;

(e) restitution of payments made to Nishat in breach of her fiduciary duties;

(f) reasonable and necessary attorneys' fees and expenses;

(g) pre- and post-judgment interest;

(h) court costs; and

(i) all other relief to which they are entitled.

Respectfully submitted,

HICKS THOMAS LLP
By: /s/ Allen H. Rustay
    **Allen H. Rustay**
    *Attorney-in-charge*
    Texas Bar No. 24003726
    Fed. I.D. 22404
    arustay@hicks-thomas.com
    **J. Stephen Barrick**
    Texas Bar No. 00796168
    Fed. I.D. 22955
    sbarrick@hicks-thomas.com
    **Andrew Bluebond**
    Texas Bar No. 24092147
    S.D. Tex. No. 3019955
    abluebond@hicks-thomas.com
    700 Louisiana, Suite 2300
    Houston, Texas 77002
    (713) 547-9100 (Telephone)
    (713) 547-9150 (Facsimile)

**Attorneys for Defendants/Counter-Plaintiffs Uzma Azad Khaishgi and Maliha Khan**

{00301979.DOCX}

## CERTIFICATE OF SERVICE

Service of this document on all counsel of record was accomplished automatically through the Court's E.C.F. System.

                             */s/ Allen H. Rustay*
                             Allen H. Rustay

{00301979.DOCX}